# EXHIBIT 29

## DECLARATION OF DAVID PARK

I, David Park, declare as follows:

1.    I am an investigator with the Office of the Federal Public Defender for the Central District of California, and am assigned to the case of Julius Robinson.

2.    Mr. Robinson was charged, along with 43 other alleged co-conspirators, in U.S. District Court Northern District of Texas in case number 4:00-CR-260-Y. He was charged with the following:

- Count 1: 21 U.S.C. §§846 & 841 (b)(1)(B); Conspiracy to distribute more than 100 kilograms of marijuana;

- Count 2: 21 U.S.C. §§846 & 841 (b)(1)(A); Conspiracy to distribute more than 5 kilograms of cocaine;

- Count 3: 21 U.S.C. § 848 (e); Murder while engaging in a continuing criminal enterprise;

- Counts 4, 8 & 17: 19 U.S.C. § 934 (c)(1)(A)(i) & (c)(1)(C)(i); Possession of a firearm in furtherance of drug trafficking crime;

- Counts 5, 9, & 13: 18 U.S.C. § 924 (c)(1)(A)(ii); Carry/Use of a firearm in furtherance of drug trafficking crime;

- Counts 6, 10 & 14: 18 U.S.C. § 924 (c)(1)(C)(iii); Carry/Use/Discharge of a firearm during drug trafficking crime;

- Counts 7, 11, & 15 18 U.S.C. § 924 (j); Murder in course of carrying/using firearm during a drug trafficking crime;

1


Initials

- Count 12: 21 U.S.C. §§ 841 (a)(1) & 841 (b)(1)(A) & 848 (e); Murder while engaged in possession of more than 5 kilograms of cocaine with intent to distribute.

3.      On March 11, 2002, the jury reached a guilty verdict on all counts. On March 18, 2002, the jury returned a death verdict for Mr. Robinson. Mr. Robinson was sentenced to death on June 5, 2002.

4.      On July 21, 2005, the United States District Court for the Northern District of Texas appointed my office as co-counsel for Mr. Robinson in the preparation of a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Mr. Robinson had previously been found indigent, and was thereby entitled to appointed counsel. Mr. Robinson remains indigent.

5.      That § 2255 motion was filed on November 29, 2005 in case number 4:00-CR-00260-2. It was denied on November 7, 2007.

6.      On June 8, 2010, the Fifth Circuit Court of Appeals denied Mr. Robinson's request for a certificate of appealability. The United States Supreme Court denied Mr. Robinson's writ of certiorari on October 3, 2011.

7.      On December 3, 2020, Mr. Robinson filed a Petition for Writ of Habeas Corpus in the United States District Court for the Southern District of Indiana under 28 U.S.C. § 2241. That petition was denied on September 20, 2024. A notice of appeal was filed in the Seventh Circuit Court of Appeal on November 8, 2024, and the appeal is still pending.

8.      On December 23, 2024, President Biden granted clemency to 37 of the 40 people on federal death row, including Mr. Robinson. On December 23, 2024, "The Executive Grant of Clemency" was filed as Document 2585 in Mr. Robinson's docket for case 4:00-cr-00260-Y.

2



Initials

9.      As a member of the case team, I was informed that on January 10, 2025 attorney

Michael Petersen of my office emailed a letter, along with two attachments, to Mr. Chris

Synsvoll, Supervisory Attorney at Federal Bureau of Prisons in Colorado, regarding Mr.

Robinson's transfer from federal death row, located in USP Terre Haute in the Special

Confinement Unit ("SCU"). The letter from Mr. Petersen highlighted Mr. Robinson's decades of

good conduct, and included correspondence from two BOP employees. The first attachment was

letter from Cory Shepherd, the former Case Manager working in the Special Confinement Unit.

He detailed his positive experiences with Mr. Robinson over the eight years they knew each

other. Mr. Shepherd noted that: (1) Mr. Robinson worked as the Unit's orderly, and the BOP

staff relied on and trusted Mr. Robinson in helping to keep the Unit organized, in running order,

and sanitary; (2) Mr. Shepherd specifically described Mr. Robinson as a "peacekeeper," who

took on more responsibility for the Unit and his fellow inmates as the population grew; (3) that

despite Mr. Shepherd's general skepticism of remorse in the prison system, he believed in the

genuine sincerity of Mr. Robinson's guilt and remorse, and saw that he carried great sorrow; (4)

and Mr. Shepherd had no concerns about Mr. Robinson entering a general prison population, and

he would do very well with the opportunity to have vocational and educational training. The

second attachment was an email from Ryan Weyrauch, a Special Confinement Unit Correctional

Counselor. Mr. Weyrauch noted that according to the BOP documentation, Mr. Robinson had

never received an incident report. He further stated that in the four years he had been Mr.

Robinson's counselor, Mr. Robinson had done great work as a Unit Orderly and had been a great

mentor to the other inmates in the Unit.

3



Initials

10.     As a member of the case team, I was also informed that Mr. Robinson did not

receive a referral to ADX prior to January 20, 2025. I was also informed that, following the

Executive Order "Restoring the Death Penalty and Protecting Public Safety" of

January 20, 2025, and the Attorney General's Memorandum "Restoring a Measure of Justice to

the Families of Victims of Commuted Murderers" of February 5, 2025, that nearly all of the 37

clemency recipients would be transferred to ADX.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed on 3.28.2025

DAVID PARK

4