IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REJON TAYLOR, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>DONALD J. TRUMP, *et al.*, in their official<br>capacities,<br><br>    *Defendants*. | Case No. 1:25-cv-01161-TJK |

**STIPULATED PROTECTIVE ORDER**

## I.    INTRODUCTION

The Parties have agreed to the terms of this Stipulated Protective Order to ensure the necessary protection of information that may be produced in discovery in this case. Having found that good cause exists for issuance of a protective order under Fed. R. Civ. P. 26(c), the Court hereby ORDERS that:

## II.    SCOPE OF PROTECTED INFORMATION

In the course of discovery in this action, the Parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that requires protection from disclosure. The Parties anticipate production of the following categories of protected information:

1. Information that may be protected under the terms of the Privacy Act;

2. Information covered by Federal Rule of Civil Procedure 5.2;

3. Law Enforcement Sensitive Information;

4.  Information that could pose a threat to the safety, security, or orderly operation of a correctional institution;

5.  Information that permits the identity of an individual to whom the information applies to be reasonably inferred by either direct or indirect means, including an individual's name, address, phone number, birth date, social security number, alien registration number ("A number"), and any similar numbers assigned to an individual by a federal/national, state, or local government of the United States or any other country if not subject to privilege or other restrictions prohibiting disclosure under this Order;

6.  Sensitive information concerning how the Bureau of Prisons manages its facilities, and the inmates who are designated to the facilities; and

7.  Health information that may be protected from unauthorized disclosure by a covered entity under the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, and 45 C.F.R. § 164.512(e).

## III.    DESIGNATION OF PROTECTED INFORMATION

A.    Scope:    This Order governs the production and handling of any protected information in this action. Any Party or non-Party who produces protected information in this action may designate it as "CONFIDENTIAL," "CONFIDENTIAL, PLAINTIFF SPECIFIC," or "ATTORNEYS' EYES ONLY" consistent with the terms of this Order. "Designating Party" means the Party or non-Party who so designates the protected information; "Receiving Party" means the Party or non-Party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating

entire documents. Material may be designated "CONFIDENTIAL, PLAINTIFF SPECIFIC" if it may properly be made available to the Plaintiff whose information is contained in the document, but not another Plaintiff. Material may be designated as "ATTORNEYS' EYES ONLY" only if justified by legitimate security or privacy concerns. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action, except as otherwise provided by law. In particular, nothing in this Order should be construed to limit BOP's use of its information in the ordinary course of its business. In addition, any Party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other Party(ies) pursuant to the terms of this Order and D.C. LCvR 7(m).

      B.     Application to Non-Parties: Before a non-Party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; if it fails to do so, the Parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-Party. If a non-Party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

      C.     Timing and Provisional Protection: Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as "CONFIDENTIAL," "CONFIDENTIAL, PLAINTIFF SPECIFIC," or "ATTORNEYS' EYES ONLY" as part of one or more specific depositions. To retain any

3

designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

       D.      <u>Manner of Designation:</u>  The Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL," "CONFIDENTIAL, PLAINTIFF SPECIFIC," or "ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image. In the case of spreadsheets or other native format documents for which there is no feasible way to affix the legend, the legend should be included in the file name, or in an associated cover sheet.

       E.      <u>Plaintiffs' Review and Possession of Certain Protected Information:</u>  Due to safety concerns regarding the release of certain information to Plaintiffs' personal possession, Plaintiffs shall not under any circumstances review, access summaries of, or personally possess materials marked "ATTORNEYS' EYES ONLY." Plaintiffs may review materials marked "CONFIDENTIAL" or "CONFIDENTIAL, PLAINTIFF SPECIFIC" only in the presence of counsel, and shall not personally possess such materials, or summaries or notes derived therefrom, except to the extent they are materials that Plaintiffs are entitled to possess.

## IV.    CHALLENGES TO DESIGNATED INFORMATION

      In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to the terms of this Order and D.C. LCvR 7(m). The Receiving Party must provide written notice of the challenge and a brief statement of the reason therefor to the Designating Party, who must respond in writing to the challenge within 15 calendar days. At all times, the Designating Party carries the burden of establishing the

propriety of the designation and protection level. If the Parties are unable to resolve the dispute informally, the Receiving Party may move for an order removing or altering the "CONFIDENTIAL," "CONFIDENTIAL, PLAINTIFF SPECIFIC," or "ATTORNEYS' EYES ONLY" designation with regard to such document(s). Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

## V.    LIMITED ACCESS/USE OF PROTECTED INFORMATION

A.    <u>Restricted Use:</u>  Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of designated information in violation of the terms of this Order may subject the disclosing person or Party to sanctions.

B.    Access to "Confidential" Information: The Parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1.  The Court, its personnel, and court reporters;

2.  Counsel of record for any Party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3.  The Parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A, and subject to the limitations on Plaintiffs' review and personal possession of "CONFIDENTIAL" information in paragraph III.E;

4.  Experts or consultants employed by the Parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

5.  Other witnesses or persons with the Designating Party's consent or by court order, so long as each such witness or person has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

C.    Access to "Confidential, Plaintiff Specific" Information: The Parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL, PLAINTIFF SPECIFIC" may only be accessed or reviewed by the following:

1.  The Court, its personnel, and court reporters;

2. Counsel of record for any Party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3. Defendants and the Plaintiff whose information is contained in the document, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

4. Experts or consultants employed by the Parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

5. Other witnesses or persons with the Designating Party's consent or by court order, so long as each such witness or person has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

D.    Access to "Attorneys' Eyes Only" Designations:    The Parties and all persons subject to this Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Counsel of record for any Party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder; and

3. Experts or consultants employed by the Parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the

7

acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit</u>

<u>A</u>.

E.    <u>Review of Witness Acknowledgments</u>: At any time and for any purpose, including

to monitor compliance with the terms hereof, any Designating Party may demand to review all

copies of Exhibit A in any Receiving Party's possession. The Receiving Party must, within 5

business days of the demand, provide all such copies to the Designating Party making the demand.

Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has

not yet been disclosed to the Designating Party, the Receiving Party may generically identify how

many acknowledgments that it has in its possession attributable to non-disclosed experts, whose

acknowledgements must later be provided contemporaneously with any reports issued by one or

more of said experts. If a Receiving Party is not required to disclose the identity of any consulting

experts, it may not be compelled to produce any acknowledgments from those experts to the

Designating Party.

F.    <u>Non-Waiver Effect of Designations</u>:  Neither the taking of, nor the failure to take,

any action to enforce the provisions of this Order, nor the failure to object to any designation, will

constitute a waiver of any Party's claim or defense in this action or any other action or proceeding,

including but not limited to a claim or defense that any designated information is or is not properly

designated as "CONFIDENTIAL," "CONFIDENTIAL, PLAINTIFF SPECIFIC," or

"ATTORNEYS' EYES ONLY," is or is not entitled to particular protection, or embodies or does

not embody information protectable by law.

G.    <u>In-Court Use of Designated Information</u>: If information designated pursuant to this

Order will or may be offered in evidence at a hearing or trial, then the offering Party must give

advance notice to the Party or non-Party that designated prior to offering the information so that

any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

      H.    <u>Improper Disclosure:</u> In the event of disclosure of designated information to any person not authorized to such access pursuant to the terms of this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform the Party whose protected information has been disclosed of the disclosure and its scope. The Party responsible for improperly disclosing such protected information—including a disclosure by contractors, vendors, or other service providers—shall also promptly take all reasonable measures to attempt to retrieve the improperly disclosed information and to prevent further or greater unauthorized disclosure or use.

      Nothing in this Order shall be construed as a waiver by a Party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

## VI.    CLAW-BACK REQUESTS

      A.    <u>Failure to Make Designation:</u> If, at any time, a Party or non-Party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within 30 calendar days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must

reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B.    Inadvertent Production of Privileged Information: If, at any time, a Party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing Party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection. The Parties must also comply with D.C. LCvR 7(m) before seeking Court intervention to resolve any related dispute.

C.    Non-Waiver of Privileges for Inadvertently Disclosed Information: Pursuant to Fed. R. Evid. 502(d), this Order shall displace the provisions of Rule 502(b)(1) and (2). The disclosure of privileged or protected information in this litigation shall not constitute a subject-matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure.

## VII.    DURATION/CONTINUED RESTRICTIONS

A.    Handling of Designated Information Upon Conclusion of Action: Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any Party or person to whom the Party shared or disclosed designated information in this action returns or destroys all of its copies, regardless of the medium in which it was stored. Within 60 calendar days after the later of dismissal of this action or expiration of all deadlines for appeal, the

Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all Parties and witnesses for whom that Party is responsible. No witness or Party may retain designated information that it received from any other Party or non-Party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

B.    Continued Restrictions Under this Order:  The restrictions on disclosure and use of designated information survive the conclusion of this action.

C.    Disclosure at Trial or Evidentiary Hearing Governed by Separate Order:  Disclosure at trial or at any evidentiary hearing of any Document, testimony, or other material containing designated information will be governed pursuant to a separate court order. Unless otherwise directed by the Court, the Parties shall meet and confer and endeavor to file a motion accompanied by a proposed order outlining those procedures no later than 21 calendar days before the first day of trial or any evidentiary hearing, although the filing of such a motion less than 21 days before the first day of trial or any evidentiary hearing shall not preclude such a motion. Upon the filing of a motion and proposed order governing the disclosure of designated information at trial or any evidentiary hearing, the Parties shall provide notice of such order to Non-Parties whose designated information is expected to be used at trial or any evidentiary hearing.

## VIII.  PRIVACY ACT

A.    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), the Court authorizes the Federal Defendants to produce information that may be

covered by the Privacy Act in order to avoid the need to raise and resolve Privacy Act objections to the disclosure of information sought in discovery. However, nothing in this Order shall require production of any information, including any information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

      B.    Information that either Party deems protected under the Privacy Act shall be designated "CONFIDENTIAL," "CONFIDENTIAL, PLAINTIFF SPECIFIC," or "ATTORNEYS' EYES ONLY," as appropriate.

      C.    Except as otherwise permitted by law and/or waivers made by Plaintiffs as to their own information, information protected under the Privacy Act shall be used only by those persons listed in paragraphs V.B and V.C of this Order, and only for the purpose of this litigation, including any appeals and any related administrative proceedings, and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose.

## IX.    REQUESTS TO SEAL

    <u>Filing Documents Under Seal:</u> The Parties shall not file any designated information on the public docket. Instead, when filing designated information, the Parties shall seek to do so under seal in accordance with D.C. LCvR 5.1(h). .

Date: ___May 1___, 2025

_____

The Honorable Timothy J. Kelly

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

REJON TAYLOR, *et al.*,

    *Plaintiffs*,

    v.

DONALD J. TRUMP, *et al.*, in their official
capacities,

    *Defendants*.

Case No. 1:25-cv-01161-TJK

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

    The undersigned acknowledges having been provided with and having read the "Stipulated Protective Order" in this matter ("Order"). The undersigned further agrees he/she (i) is bound under the Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Order, including enforcement of its terms.

Date: _____, 2025

_____
Individual to be bound