# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISRICT OF COLUMBIA

REJON TAYLOR, *et al.*,              )
                                      )
          Plaintiffs,                 )
                                      )
     v.                               )          Case No. 1:25-cv-01161-TJK
                                      )
DONALD J. TRUMP, *et al.*,           )
in their official capacities,         )
                                      )
          Defendants.                 )

## DECLARATION OF RICK STOVER

In accordance with the provisions of 28 U.S.C. § 1746, I, Rick Stover, state as follows, under penalty of perjury, pertinent to the above-styled and numbered cause:

1.     I am currently employed by the Federal Bureau of Prisons ("BOP") as the Senior Deputy Assistant Director over the Designation and Sentence Computation Center ("SDAD, DSCC"). I have held this position since June 2024 and have been employed with the BOP since April 1997. In this role, I oversee the agency's operations involving designation to, and transfer between, federal correctional facilities, as well as computation of sentences for federal inmates. The statements set forth in this Declaration are based on my personal knowledge and review of documents and information provided to me in my official duties.

2.     I am aware that the above-referenced lawsuit was filed by twenty-one inmates whose sentences were commuted from death to life without the possibility of parole, and who seek to challenge any proposed transfer to the United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX Florence").

3.     I am familiar with BOP policies and procedures for designating inmates to ADX

1

Florence.  These procedures are detailed in a 2012 memorandum from Blake Davis, former BOP

Assistant Director for the Correctional Programs Division ("CPD"). I refer to this memorandum

as the "ADX Referral Memo," and it is available at ECF No. 2-9.

4.      I am also familiar with BOP's Administrative Remedy Program, which—

generally speaking—provides inmates with a four-level administrative remedy process to seek

formal review of an issue relating to any aspect of his/her own confinement and to permit the

agency an opportunity to employ its expertise to redress grievances concerning the BOP. BOP's

Administrative Remedy procedures are set forth in 28 C.F.R. §§ 542.10-542.19 and Program

Statement 1330.18.

5.      To properly exhaust all administrative remedies, an inmate must timely and

properly present a claim to each level, have that remedy request accepted and receive an actual

response to that request. BOP's Administrative Remedy Program ordinarily consists of four

steps: (1) the inmate must first attempt to informally resolve the issue with staff; (2) if informal

resolution is unsuccessful, the inmate may file a Request for Administrative Remedy (BP-9) at

the institution where the inmate is incarcerated; (3) if dissatisfied with the response at the

institution level, the inmate may appeal by filing a Regional Administrative Remedy Appeal

(BP-10) with the Regional Office; and (4) if dissatisfied with the response at the Regional level,

an inmate may appeal to the BOP's Office of General Counsel via a Central Office

Administrative Remedy Appeal (BP-11).  28 C.F.R. § 542.13-15.  Appeal to the General Counsel

is the fourth and final step of the general administrative remedy process.  *Id.* § 542.15(a).

6.      BOP has administrative remedy procedures specific to inmates challenging a

designation to general population at ADX Florence, which are described in the ADX Referral

Memo. Specifically, once the Assistant Director, CPD, makes a decision regarding designation to

2

the general population of ADX Florence, the inmate is advised of his opportunity to appeal the decision through the Administrative Remedy Program, utilizing a two-level administrative remedy appeal process. *See* ADX Referral Memo (ECF No. 2-9), Attach. A at p. 8. First, the inmate may file an appeal to the SDAD, DSCC (formerly referred to as "Chief, DSCC"). Second, the inmate may file an appeal to the Office of General Counsel, HOLC Building, 320 First Street, N.W., Washington, D.C. 20534. *Id.*

7.    I am aware that, as of this date, the Assistant Director, CPD, has not made any designation decision regarding any Plaintiff's referral. As such, no Plaintiff has yet been able to begin, much less complete, the two-level administrative remedy appeal process detailed in the ADX Referral Memo, and I have not received any administrative remedy appeals from any of the Plaintiffs concerning referral or designation to ADX Florence.

8.    BOP records reflect that some Plaintiffs have attempted to utilize the regular administrative remedy procedures described in 28 C.F.R. § 542.13-15 to file requests and appeals concerning their anticipated referrals or designations to ADX Florence.  As indicated above, the process described in the ADX Referral Memo is the proper procedure inmates must follow to appeal a designation to ADX Florence, and the appeal process does not begin until a formal decision has been made by the Assistant Director, CPD. Therefore, appeals filed through the administrative remedy process prior to the Assistant Director's decision will not be considered an appeal of any later-decided designation to ADX Florence.

9.    In addition, it should be noted that, even though some Plaintiffs have purported to contest their possible designation to ADX Florence through the administrative remedy process, none of them has fully completed this process.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this

**2nd** day of May 2025.

RICHARD STOVER  Digitally signed by RICHARD STOVER
Date: 2025.05.02 14:10:29 -05'00'

Rick Stover
Senior Deputy Assistant Director, DSCC
U.S. Department of Justice
Federal Bureau of Prisons
Designation and Computation Center
Grand Prairie, Texas

4