IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REJON TAYLOR, *et al.*,<br><br>                    *Plaintiffs,*<br><br>v.<br><br>DONALD J. TRUMP, *et al.*, in their official capacities,<br><br>                    *Defendants.* | Case No. 1:25-cv-01161-TJK<br><br>**PLAINTIFFS' MOTION TO SUSPEND BRIEFING ON DEFENDANTS' MOTION TO DISMISS (ECF 53)**<br><br>**TELEPHONIC / VIDEO STATUS CONFERENCE REQUESTED** |

Plaintiffs respectfully request that this Court suspend the briefing on Defendants' Motion to Dismiss (ECF No. 53) because, as explained below, nearly all the Plaintiffs in this action will be voluntarily dismissed before the briefing is done. Further litigation of this Motion is therefore a waste of judicial resources. Pursuant to Local Rule 7(m), Plaintiffs' counsel met and conferred with Counsel for Defendants about this instant Motion, and **Defendants oppose this Motion**.

Plaintiffs further request that the Court schedule a telephonic (or video) conference to discuss the procedural issues at play in the instant motion on any date as soon as practicable to the Court, except for on October 2, 2025, due to the Yom Kippur holiday. **Defendants' counsel has indicated that Defendants will address this request when they respond to the instant motion.**

In support of this request to suspend the briefing on the Motion to Dismiss, Plaintiffs offer the following:

1. In *Jackson v. District of Columbia*, 254 F.3d 262, 269 (2001), the D.C. Circuit found that under the Prison Litigation Reform Act (PLRA), incarcerated people must exhaust their administrative remedies prior to filing suit. *Id*. Albeit for a different proposition, this Court cited *Jackson* with approval in its Order denying Plaintiffs' Motion for a Preliminary Injunction. ECF

50 at 15. Though Plaintiffs do not concede that *Jackson*'s conclusion that exhaustion cannot be cured through an amended complaint is a correct statement of the law, in an abundance of caution, undersigned counsel plan to voluntarily dismiss the Plaintiffs who have exhausted their remedies and file a new action on their behalf.[1]

2. Plaintiffs' Opposition to the Motion to Dismiss is presently due October 20, 2025. By that date, at least 14 Plaintiffs will have exhausted their remedies if Defendant BOP complies with its own self-imposed deadlines to provide a final response to grievances on Plaintiffs' appeals. Plaintiffs anticipate filing a new action on that date on behalf of those 14 Plaintiffs, and any others who have exhausted by that time. By our calculations, nearly all Plaintiffs will have exhausted their remedies by early- to mid-November. As they exhaust, undersigned counsel will dismiss them from this litigation (*Taylor* I) and add them to the new litigation (*Taylor* II). Because the Defendants' Reply in Support of their Motion to Dismiss is not due until November 20, Plaintiffs' counsel anticipate that nearly all Plaintiffs will be dismissed before the briefing on this Motion is complete. There is no need, therefore, to litigate this Motion and granting the requested relief will help secure the "just, speedy, and inexpensive determination" of these actions. Fed. Civ. R. P. 1.

3. Defendants, of course, may move to dismiss the Complaint in *Taylor* II as they see fit, which means they will not be prejudiced by the relief sought here.

4. A proposed Order is attached.

---

[1] Because all Plaintiffs will eventually exhaust the administrative remedy process Defendants claimed might have provided them the relief they seek from this Court (ECF No. 40 at 23-24) (arguing that Plaintiffs must pursue exhaustion through the modified process set forth in the ADX referral memo), undersigned counsel asked Defendants to withdraw their exhaustion defense, which would have obviated the need for a new lawsuit under *Jackson* and allowed the Court and parties to proceed with the litigation in *Taylor* I. Defendants refused.

Dated: October 1, 2025

Respectfully submitted,

*/s/ Corene T. Kendrick*

Brian Stull *
Claudia Van Wyk *
**ACLU FOUNDATION**
201 W. Main St., Ste. 402
Durham, NC 27701
Tel: (919) 682-5659
bstull@aclu.org
cvanwyk@aclu.org

Corene T. Kendrick *
**ACLU FOUNDATION**
425 California St., Ste. 700
San Francisco, CA 94104
Tel: (202) 393-4930
ckendrick@aclu.org

David C. Fathi **
Maria V. Morris
Jennifer Wedekind
Carmen Iguina González
**ACLU FOUNDATION**
915 15th Street NW
Washington, DC 20005
Tel: (202) 393-4930
dfathi@aclu.org
mmorris@aclu.org
jwedekind@aclu.org
ciguinagonzalez@aclu.org

Sara Norman *
**LAW OFFICES OF SARA NORMAN**
P.O. Box 170462
San Francisco, CA 94117
Tel: (415) 236-3763
sara@saranormanlaw.com

C.J. Sandley *
Kayla Vinson *
D. Korbin Felder *
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6443
csandley@ccrjustice.org
kvinson@ccrjustice.org
kfelder@ccrjustice.org

Laura Rovner *
Nicole Godfrey
Miriam Kerler
**STUDENT LAW OFFICE**
**UNIVERSITY OF DENVER**
**STURM COLLEGE OF LAW**
2255 E. Evans Ave., Ste. 335
Denver, CO 80210
Tel: (303) 871-6140
laura.rovner@du.edu
nicole.godfrey@du.edu
miriam.kerler@du.edu

3

Joseph Margulies \*\*\*
**CORNELL UNIVERSITY**
Professor of the Practice of Government
216 White Hall
Ithaca, NY 14850
Tel: (607) 255-6477
jm347@cornell.edu

David Patton \*
Ian Robertson \*
Krysta Kilinski \*
**HECKER FINK LLP**
350 Fifth Ave, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
dpatton@heckerfink.com
irobertson@heckerfink.com
kkilinski@heckerfink.com

*Attorneys for Plaintiffs*
*\* Admitted pro hac vice.*
*\*\* Not admitted in D.C.; practice limited to federal courts. Admitted pro hac vice.*
*\*\*\* Admitted to D.D.C. as pro bono counsel.*