IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REJON TAYLOR, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>DONALD J. TRUMP, *et al.*, in their official capacities,<br><br>*Defendants*. | Case No. 1:25-cv-01161-TJK<br><br>**NOTICE OF MATERIAL FACTUAL DEVELOPMENTS** |

    Due to the federal government shutdown, it is even more clear that all Plaintiffs in this action will be voluntarily dismissed before the parties have completely briefed Defendants' Motion to Dismiss. In the interest of judicial economy and efficiency, Plaintiffs renew their request (ECF 55) to suspend the briefing on Defendants' Motion to Dismiss (ECF 53).

    Plaintiffs filed their Motion to Suspend Briefing of Defendants' Motion to Dismiss and a Request for a Telephonic or Video Status Conference on the morning of October 1, 2025. ECF 55, Notice of Filing at 8:48 AM EDT. Plaintiffs seek a stay or suspension of the October 20, 2025 deadline to file their opposition to Defendants' Motion to Dismiss, as Plaintiffs plan to voluntarily dismiss from this case the Plaintiffs who have exhausted administrative remedies, and file a new action on their behalf, on or about October 20, 2025. *Id*. at 1-2.

    At the request of counsel for Defendants, with whom Plaintiffs had met-and-conferred via phone, Zoom, and email on September 26, 29, and 30, 2025, about the Motion and the request for status hearing, Plaintiffs clearly noted in their motion that Defendants opposed the Motion, and that "Defendants' counsel has indicated that Defendants will address [the] request" for a status hearing "when they respond to the instant motion." *Id*. at 1; *see also* Declaration of Corene

1

Kendrick, ¶ 3, Ex. 1 (9/30/25 7:39 PM PDT Email from Lisa Marcus to Corene Kendrick).

Also on October 1, 2025, the federal government went into shutdown, and that evening, counsel for Defendants notified counsel for Plaintiffs that all counsel of record for the Defendants in this case had been placed in furlough status until the U.S. Department of Justice received appropriations; they included with this email the Court's standing order for civil proceedings involving the United States that temporarily suspended all filing deadlines for the U.S. Department of Justice, except for those related to preliminary injunctions, temporary restraining orders, and other emergency matters. *See* Kendrick Dec. ¶ 4, Ex. 2 (10/1/25 3:36 PDT Email from Lisa Marcus to Corene Kendrick and Sara Norman, attaching Standing Order No. 25-55).[1] Plaintiffs' counsel then responded, asking counsel for Defendants to clarify whether they would be filing their response or opposition to the Motion to Suspend the October 20 deadline, which had been filed that morning. *Id*. ¶ 5, Ex. 3. The only response received from all three counsel of record for Defendants – Lisa Marcus, Christopher Edelman, and Marianne Kies – was an automated out-of-office response directing people to contact Alexander Haas and Diane Kelleher at the Federal Programs Bureau. *Id*. ¶ 6, Ex. 4.

On Thursday, October 2, 2025, Plaintiffs' counsel emailed Mr. Haas and Ms. Kelleher, asking them to confirm whether they would be filing a response to Plaintiffs' Motion to Suspend, or in the alternative, would stipulate to a reciprocal suspension of Plaintiffs' deadline to file their response to Defendants' Motion to Dismiss, given the October 20 deadline for that response would potentially occur before counsel for Defendants would respond to the Motion to Suspend or the Court decided that Motion. Kendrick Dec. ¶ 7, Ex. 5. Plaintiffs' counsel noted that to their knowledge, at least one other federal court, the Southern District of New York, had issued a

---

[1] Standing Order 25-55 is at https://www.dcd.uscourts.gov/sites/dcd/files/Executive%20Order%2025-55.pdf.

standing order placing a reciprocal stay on non-emergency filing deadlines for all parties in litigation with the U.S. government, and not just for the Department of Justice attorneys defending the government. *Id*. On October 3, Mr. Haas responded in full:

> Thank you for reaching out. Defendants oppose your request for Plaintiffs to avoid the obligation to respond to the MTD in *Taylor*. I understand that has already been communicated to you.
>
> The Court has stayed the government's response to your pending motion; Defendants will respond to that motion after appropriations to the Department of Justice have been restored, but they do not waive their right to respond.

*Id*.

Given Defendants' refusal to agree to stipulate to a reciprocal stay of Plaintiffs' deadline to file their response to the Motion to Dismiss, and counsel for Defendants' apparent inability to respond to Plaintiffs' Motion to Suspend the Deadline and Request for a Status Hearing, Plaintiffs respectfully request that this Court, pursuant to Fed. R. Civ. P. 6(b)(1) and Standing Order 25-55, and in the interest of judicial economy and fundamental fairness, temporarily suspend Plaintiffs' deadline for filing their response to Defendants' Motion to Dismiss in accordance with the same timeframes extended to the government in Standing Order 25-55. *See, e.g.* District of New Jersey Standing Order 2025-06 (reciprocally suspending deadlines for all litigants in cases involving the U.S. government, "with the intent to avoid any default or prejudice to the United States *or other civil litigants* …") (emphasis added).[2]  A proposed order is attached.

---

[2] To date, at least four federal courts have issued standing orders granting reciprocal stays to all litigants, not just to the Department of Justice. *See* Dist. of Alaska Misc. Gen. Order 25-10, https://www.akd.uscourts.gov/sites/akd/files/MGO%2025-10%20%20Holding%20In%20Abeyance%20Civil%20Matters%20Involving%20US%20as%20a%20Party.pdf; Dist. of New Jersey Standing Order 2025-06, https://www.njd.uscourts.gov/sites/njd/files/SO2025-06CivilLitigationShutdown.pdf; S. Dist. of New York, Amended Standing Order M10-468, https://nysd.uscourts.gov/sites/default/files/2025-10/Shutdown%20Civil%20Case%20Stay%20Order%20October%201%202025.pdf; S. Dist. of Ohio, Gen. Order 25-04, https://www.ohsd.uscourts.gov/sites/ohsd/files/General%20Order%2025-04.pdf.

3

Dated: October 8, 2025

Sara Norman *
**LAW OFFICES OF SARA NORMAN**
P.O. Box 170462
San Francisco, CA 94117
Tel: (415) 236-3763
sara@saranormanlaw.com

Laura Rovner *
Nicole Godfrey
Miriam Kerler
**STUDENT LAW OFFICE**
**UNIVERSITY OF DENVER**
**STURM COLLEGE OF LAW**
2255 E. Evans Ave., Ste. 335
Denver, CO 80210
Tel: (303) 871-6140
laura.rovner@du.edu
nicole.godfrey@du.edu
miriam.kerler@du.edu

David Patton *
Ian Robertson *
Krysta Kilinski *
**HECKER FINK LLP**
350 Fifth Ave, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
dpatton@heckerfink.com
irobertson@heckerfink.com
kkilinski@heckerfink.com

Joseph Margulies ***
**CORNELL UNIVERSITY**
Professor of the Practice of Government
216 White Hall
Ithaca, NY 14850
Tel: (607) 255-6477
jm347@cornell.edu

*Attorneys for Plaintiffs*
*\* Admitted pro hac vice.*
*\*\* Not admitted in D.C.; practice limited federal courts. Admitted pro hac vice.*
*\*\*\* Admitted to D.D.C. as pro bono counsel.*

Respectfully submitted

*/s/ David C. Fathi*
David C. Fathi **
Maria V. Morris
Jennifer Wedekind
Carmen Iguina González
**ACLU FOUNDATION**
915 15th Street NW
Washington, DC 20005
Tel: (202) 393-4930
dfathi@aclu.org
mmorris@aclu.org
jwedekind@aclu.org
ciguinagonzalez@aclu.org

Corene T. Kendrick *
**ACLU FOUNDATION**
425 California St., Ste. 700
San Francisco, CA 94104
Tel: (202) 393-4930
ckendrick@aclu.org

Brian Stull *
Claudia Van Wyk *
**ACLU FOUNDATION**
201 W. Main St., Ste. 402
Durham, NC 27701
Tel: (919) 682-5659
bstull@aclu.org
cvanwyk@aclu.org

C.J. Sandley *
Kayla Vinson *
D. Korbin Felder *
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6443
csandley@ccrjustice.org
kvinson@ccrjustice.org
kfelder@ccrjustice.org

2