IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REJON TAYLOR, *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>DONALD J. TRUMP, *et al.*, in their official capacities,<br><br>    *Defendants*. | Case No. 1:25-cv-01161-TJK<br><br>**DECLARATION OF CORENE T. KENDRICK IN SUPPORT OF PLAINTIFFS' NOTICE OF MATERIAL FACTUAL DEVELOPMENTS** |

I, CORENE T. KENDRICK, DECLARE:

1. I am an attorney admitted to practice before the courts of the State of California and am admitted to this Court *pro hac vice*. I am deputy director of the National Prison Project of the American Civil Liberties Union Foundation, and am one of the counsel of record for Plaintiffs in this matter.

2. On September 26 and 29, 2025, my co-counsel Sara Norman and I had phone calls and Zoom meetings with Counsel for Defendants Lisa Marcus (and on September 29, also with Counsel for Defendants Marianne Kies). Among other things, we discussed Plaintiffs' plan to seek leave from the Court to suspend or stay the October 20, 2025 deadline for Plaintiffs to respond to Defendants' Motion to Dismiss. We were seeking Defendants' position on this stay, and informed Ms. Marcus (and Ms. Kies) that as Plaintiffs received their fully-exhausted responses from the Bureau of Prisons denying their grievances, Plaintiffs' counsel planned to dismiss the exhausted Plaintiffs from this action, and file a new related action on their behalf on or about October 20. We also informed Ms. Marcus and Ms. Kies that Plaintiffs planned to request a status hearing with the Court to discuss the reasons for this planned dismissal / refiling, in accord with *Jackson v. Dist. of*

1

*Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001), to seek the Court's guidance on the best procedure for moving the case forward.

3.  On September 30, 2025, I emailed Ms. Marcus, copying Ms. Kies and Mr. Edelman, a copy of our proposed motion. Ms. Marcus responded and confirmed that Defendants would oppose the Motion. I wrote her back to confirm what her position was on the request for a status hearing, and she asked that I include the sentence that "Defendants' counsel has indicated that Defendants will address this request when they respond to the instant motion." Attached herein as Exhibit 1 is a true and correct copy of this correspondence.

4.  On October 1, 2025, Ms. Marcus emailed me and Ms. Norman, copying Ms. Kies and Mr. Edelman, to notify us that due to the government shutdown, "[w]e are being placed in furlough status." She also attached and linked to the Court's Standing Order 25-55 related to the shutdown and civil proceedings involving the United States. Attached herein as Exhibit 2 is a true and correct copy of this correspondence.

5.  I responded to Ms. Marcus' email, asking her to clarify if they would be filing their response or opposition to the Motion to Suspend the October 20 deadline and request for status hearing, that I had filed that morning. Attached herein as Exhibit 3 is a true and correct copy of this correspondence.

6.  I immediately received automated out-of-office messages from Ms. Marcus, Ms. Kies, and Mr. Edelman, all indicating that they had been placed on furlough status and were not working, and in their absence to direct all inquiries to Alexander Haas and Diane Kelleher at the Federal Programs Bureau. Attached herein as Exhibit 4 are true and correct copies of the three bounce-back messages.

7.      On October 2, 2025, I emailed Mr. Haas and Ms. Kelleher, asking them to confirm whether they would be filing a response to our Motion to Suspend, or in the alternative, would stipulate to a reciprocal suspension of Plaintiffs' deadline to file their response to Defendants' Motion to Dismiss, given the October 20 deadline for that response would potentially occur before counsel for Defendants would respond to the Motion to Suspend or the Court decided that Motion. I noted in my email that the Standing Order in the Southern District of New York had reciprocally stayed deadlines for all parties in civil litigation with the U.S. government, and not just for the government attorneys. Mr. Haas responded and stated that Defendants opposed our request for a reciprocal stay "for Plaintiffs to avoid the obligation to respond to the MTD" and that he "underst[ood] that has already been communicated to you." He also stated that Defendants would not be responding to our Motion to Suspend or to our request for a status hearing until funding was appropriated to the Department of Justice. Attached herein as Exhibit 5 is a true and correct copy of this correspondence.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of October, 2025, in San Francisco, California.

> /s/ Corene T. Kendrick
> Corene T. Kendrick
> Attorney for Plaintiffs