**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| REJON TAYLOR, *et al.*, <br><br>                        *Plaintiffs*, <br><br>        v. <br><br>DONALD J. TRUMP, *et al.*, in their official capacities, <br><br>                        *Defendants*. | Case No. 25 Civ. 01161 (TJK) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**EMERGENCY MOTION FOR AN ADMINISTRATIVE INJUNCTION OR,**
**ALTERNATIVELY, AN INJUNCTION PENDING APPEAL**

**INTRODUCTION**

Defendants take the remarkable position that they intend to transfer Plaintiffs and Proposed Plaintiff-Intervenors to the U.S. Penitentiary Florence Administrative Maximum Facility ("ADX") before this Court and, if necessary, the D.C. Circuit, have had sufficient time to resolve Plaintiffs' pending motion for preliminary injunctive relief. ECF 62 (Pls.' Mot. for TRO). Transfer at this juncture would be harmful and inefficient. Plaintiffs have demonstrated why transfer to ADX will cause irreparable injury. ECF 62-1 (Mem. Supp. Pls.' Mot. for TRO), at 31-33; ECF 68 (Reply Mem. Supp. Pls.' Mot. for TRO), at 2-3. Even if that were not so, the transfer of Plaintiffs to ADX—only to be returned to USP-Terre Haute if Plaintiffs prevail on their motion—would present significant administrative and logistical burdens that could be avoided by preventing Plaintiffs' transfer while their motion is pending before this Court or, in the event the motion is denied, on appeal in the D.C. Circuit. Plaintiffs thus respectfully move the Court for a brief administrative injunction, pursuant to 28 U.S.C. § 1651, to maintain the status quo on a temporary basis until the Court decides Plaintiffs' motion for injunctive relief. Alternatively, Plaintiffs request a ruling from this Court on their motion for injunctive relief no later than February 11, three days before Defendants state that they may transfer most of the Plaintiffs. Should the Court deny the pending motion for injunctive relief, we request that this Court issue an injunction pending appeal to the D.C. Circuit at the same time it issues a decision on the pending motion to allow Plaintiffs to expeditiously seek review. Plaintiffs have requested Defendants' position on this motion. Defendants oppose.

**BACKGROUND**

The Court is familiar with the basis for Plaintiffs' motion for injunctive relief. During his final weeks in office, President Biden granted commutations to 37 individuals confined on federal

death row, converting their sentences to life imprisonment without the possibility of parole. ECF 2-3 (Clemency Grant), at 1-2. The Federal Bureau of Prisons ("BOP") then began the individualized redesignation process to determine where the 37 individuals would be redesignated and transferred, following BOP's standard policies and procedures, in accordance with BOP Program Statement 5100.08, *see* ECF 2-8 (PS 5100.08), ch. 7, pp.1-2, a binding agency policy document, and 18 U.S.C.§ 3621(b). Following this process, and before President Trump took office, BOP staff made the requisite individualized decisions and planned to transfer Plaintiffs to facilities other than ADX. *See* ECF 2-22 (Henry Decl.) ¶ 8; ECF 2-27 (Meredith Decl.) ¶¶ 22, 32; ECF 2-30 (Newberry Decl.) ¶ 55.

After President Trump took office, Defendants abruptly reversed course. As a result of Executive Order 14164, the memorandum Attorney General Bondi issued on February 5, 2025, and the subsequent Mandatory ADX Policy, Defendants summarily redesignated all Plaintiffs to ADX. *See* ECF 2-4 (EO 14164); ECF 2-5 (Bondi Memo). Plaintiffs allege that Defendants' actions violated several provisions of the U.S. Constitution and the Administrative Procedure Act. Plaintiffs filed their Motion for a Temporary Restraining Order on October 22, 2025. Pls.' Mot. for TRO. Plaintiffs include four individuals, all of whom BOP had planned to transfer to facilities other than ADX before Defendants' unlawful actions.[1] On October 28, 2025, the Court heard oral argument on Plaintiffs' Motion for a Temporary Restraining Order. At oral argument, the Court expressed its intent "to convert the [Motion for a Temporary Restraining Order] to a [Motion for a Preliminary Injunction] and grant or deny a [preliminary injunction]." Tr. 68:14-17. Based on that possible conversion, Plaintiffs refer to their filing as a motion for injunctive relief.

---

[1] Three Plaintiffs have moved to intervene in *Taylor II* and seek to join the pending motion for injunctive relief. Their motions remain pending. *See Taylor II*, ECF 44, 55.

In recognition of Defendants' intent to transfer all Plaintiffs to ADX, at the October 28 oral argument, the Court ordered Defendants' counsel "to provide 48 hours written notice on the record of any transfer of Plaintiffs to ADX." Defendants' counsel provided notice on February 4, 2026, stating that BOP intends to "transfer almost all the Plaintiffs in *Taylor I* and *Taylor II* who remain at the Special Confinement Unit at U.S. Penitentiary Terre Haute to the U.S. Penitentiary, Administrative Maximum Facility (ADX) within the next several weeks, though no sooner than 10 days from the date of this filing." ECF 72.

## ARGUMENT

This Court should prevent Plaintiffs' transfer to ADX while Plaintiffs' motion for injunctive relief is pending. Apart from granting that motion before transfer, the Court may act in one of two ways: grant an administrative injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, or grant an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(d).

**I.  This Court May Temporarily Preserve the Status Quo By Granting an Administrative Injunction Pursuant to the All Writs Act, 28 U.S.C. § 1651.**

*First*, the Court can exercise its authority under the All Writs Act, 28 U.S.C. § 1651, to issue a short administrative injunction preserving the status quo until it rules on Plaintiffs' pending motion. *See* 28 U.S.C. § 1651(a) (permitting federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); *see also* 5 U.S.C. § 705 (allowing a court to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings"). This is a narrowly tailored, temporary measure designed solely to preserve the Court's jurisdiction and ensure that its forthcoming decision remains effective, not to resolve the merits. Without it, Defendants' imminent transfer of Plaintiffs to ADX would irreparably alter the status quo and frustrate the Court's ability to provide meaningful relief—

precisely the circumstance in which the Act permits a limited order in aid of jurisdiction. Courts

have long recognized this authority. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (citing

cases that "have recognized a limited judicial power to preserve the court's jurisdiction or maintain

the status quo by injunction pending review of an agency's action"); *Republican Nat'l Comm. v.*

*Pelosi*, No. 22 Civ. 659, 2022 WL 1604670, at *3 (D.D.C. May 20, 2022) (Kelly, J.) (granting a

"brief administrative injunction so that [plaintiffs] may seek an injunction pending appeal from the

Circuit"); *Trump v. Thompson*, No. 21-5254, 2021 WL 5239098, at *1 (D.C. Cir. Nov. 11, 2021)

(granting "an administrative injunction").

    A temporary administrative injunction is necessary to preserve the Court's jurisdiction to

decide Plaintiffs' motion for injunctive relief. *See* 28 U.S.C. § 1651(a) (authorizing federal courts

to issue writs "in aid of their respective jurisdictions"). Such an injunction would permit the Court

to decide the pending motion without Plaintiffs suffering harm that cannot be undone as the result

of an unlawful transfer to ADX, where Plaintiffs would experience particularly oppressive

conditions that are designed to eliminate all environmental stimulation and any form of meaningful

human contact. Compl. ¶¶ 99-121, 147. That bell, once tolled, cannot be unrung.

## II. If the Court Denies Plaintiffs' Pending Motion for Injunctive Relief, It Should Simultaneously Grant an Injunction Pending Appeal Pursuant to Rule 62(d).

    *Second*, and alternatively, in the event this Court denies Plaintiffs' motion for injunctive

relief, it should at the same time grant an injunction pending appeal pursuant to Rule 62(d). That

rule provides that "[w]hile an appeal is pending from an interlocutory order . . . that . . . refuses . . .

an injunction, the court may . . . grant an injunction on terms for bond or other terms that secure

the opposing party's rights." Fed. R. Civ. P. 62(d). As this Court has explained, "Rule 62(d)

necessarily envisions situations in which a district court that has denied an injunction still grants

an injunction pending appeal." *United States v. Facebook, Inc.*, No. 19 Civ 2184, 2024 WL

291739, at *1 (D.D.C. Jan. 12, 2024) (Kelly, J.).

Courts consider "the same four criteria as [with] a motion for preliminary injunction" when considering a motion for an injunction pending appeal. *Cigar Ass'n of Am. v. FDA*, 317 F. Supp. 3d 555, 560 (D.D.C. 2018) (citing *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842-43 (D.C. Cir. 1977)). Those factors include the likelihood of success on the merits, the likelihood that the moving party will suffer irreparable harm if denied relief, the balance of the equities, and the public interest (with the latter two factors merging when the government is a party). *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 26-27 (2008). A "lesser showing of the likelihood of success on the merits" may be remedied with a "strong showing" of the other three factors as long as "the issue on appeal presents a 'serious legal question' on the merits." *Cigar Ass'n of Am.,* 317 F. Supp. 3d at 560 (quoting *Holiday Tours*, 559 F.2d at 844); *see Facebook*, 2024 WL 291739, at *1; *Al-Anazi v. Bush*, 370 F.Supp.2d 188, 193 n.5 (D.D.C. 2005).

Plaintiffs will not burden the Court with a lengthy discussion of why they meet these factors; the Court already has that briefing before it, and Plaintiffs incorporate those filings by reference. *See* Mem. Supp. Pls.' Mot. for TRO; Reply Mem. Supp. Pls.' Mot. for TRO. In short, there is a grave and imminent threat of irreparable harm because both transport to and imprisonment at ADX will result in serious, long-lasting injuries to Plaintiffs' physical and mental health. Mem. Supp. Pls.' Mot. for TRO 24-29, 31-33. These injuries will result even if Plaintiffs' transfer to ADX is later reversed as unlawful. *See id.* at 31-33. Moreover, loss of the constitutional and statutory rights at issue here need not last for months to be irreparable. Violation of Plaintiffs' constitutional and statutory rights in these circumstances constitutes irreparable harm if it occurs for any amount of time. *See id.* If BOP is allowed to transfer Plaintiffs to ADX, the status quo could never be restored.

The equities and public interest also weigh heavily in favor of granting Plaintiffs injunctive relief. Mem. Supp. Pls.' Mot. for TRO 33-34. An injunction pending appeal is a form of interim relief that merely preserves the status quo. It does not harm the government to stop unjust agency actions or prevent Defendants from ignoring well-established BOP policy and statutory requirements. Given that Plaintiffs have remained at USP-Terre Haute without incident in the months since Defendants unjustly sought to transfer them to ADX, there is no basis to argue that a temporary injunction would prejudice the government. *See Cigar Ass'n of Am.*, 317 F. Supp. 3d at 563 (holding that delaying the government's action was a minimal burden when weighing the irreparable harm facing Plaintiffs). In contrast, a temporary injunction that allows for thorough consideration of the serious issues involved in this case advances the public interest by ensuring complete judicial review of unlawful agency actions. *See Alpine Sec. Corp. v. Fin. Indus. Regul. Auth.*, No. 23-5129, 2023 WL 4703307, at *2-4 (D.C. Cir. July 5, 2023) (Walker, J., concurring) ("The public interest favors preventing the deprivation of individual rights and abuses of government power." (citing *Nken v. Holder*, 556 U.S. 418, 436 (2009))).

Although Plaintiffs have also demonstrated that they are likely to succeed on the merits, *see* Mem. Supp. Pls.' Mot. for TRO 20-33; Reply Mem. Supp. Pls.' Mot. for TRO 10-15, the Court should grant an injunction pending appeal even if it decides that Plaintiffs may not prevail. Where the threat of irreparable harm is "so grave" and the balance of equities "so decisively" favors Plaintiffs, the Court may grant an injunction pending appeal if Plaintiffs establish a "serious legal question" and "'the other three factors tip sharply' in [Plaintiffs'] favor." *See Facebook*, 2024 WL 291739, at *1 (quoting *MediNatura, Inc. v. FDA*, No. 20 Civ. 2066, 2021 WL 1025835, at *6 (D.D.C. Mar. 16, 2021)). As a result, "the standard for granting an injunction pending appeal is, at least at times, more flexible than a rigid application of the traditional four-part standard applicable

to granting a preliminary injunction." *MediNatura*, 2021 WL 1025835, at \*6. As described above, the harms that Plaintiffs will endure if transferred to ADX will be severe and irreparable, and a temporary injunction would cause no prejudice to Defendants. Meanwhile, Plaintiffs have also presented a "serious legal question" by, among other things, demonstrating how Defendants' actions bear directly on administrative agencies' compliance with binding policies and statutory requirements. As a result, the legal questions involved in this case have broader implications for the constitutional rights of all individuals in BOP custody and for bedrock principles of administrative law.[2]

## **CONCLUSION**

Plaintiffs will unnecessarily suffer irreparable harm and be subject to significant administrative and logistical hurdles if they are transferred to ADX before their motion for injunctive relief is resolved. By contrast, temporarily preventing transfer would not prejudice Defendants and would allow for thorough judicial consideration of the serious legal questions involved in this case. For these reasons, this Court should issue an administrative injunction or, alternatively, if the Court denies Plaintiffs' motion for injunctive relief before Plaintiffs' anticipated transfer, it should grant this motion for an injunction pending appeal.

---

[2] If the Court does not issue an administrative injunction or rule on Plaintiffs' motion for injunctive relief by 5 p.m. on February 11, Plaintiffs respectfully inform the Court that they plan to seek further review before the D.C. Circuit to prevent Plaintiffs' unlawful transfer. *See* 11A *Wright & Miller's Federal Practice & Procedure* § 2962 (3d ed. 1998) ("[W]hen a court declines to make a formal ruling on a motion for a preliminary injunction, but its action has the effect of denying the requested relief, its refusal to issue a specific order will be treated as equivalent to the denial of preliminary injunction and will be appealable.").

Dated: February 5, 2026
    New York, NY

Brian Stull, N.C. 36002*
Claudia Van Wyk, Penn. 95130*
**ACLU FOUNDATION**
201 W. Main St., Ste. 402
Durham, NC 27701
Tel: (919) 682-5659
bstull@aclu.org
cvanwyk@aclu.org

Corene T. Kendrick, Cal. 226642*
**ACLU FOUNDATION**
425 California St., Ste. 700
San Francisco, CA 94104
Tel: (202) 393-4930
ckendrick@aclu.org

Laura Rovner, Colo. 35592
Nicole Godfrey, Colo. 41546
Miriam Kerler, Colo. 56575
**STUDENT LAW OFFICE**
**UNIVERSITY OF DENVER**
**STURM COLLEGE OF LAW**
2255 E. Evans Ave., Ste. 335
Denver, CO 80210
Tel: (303) 871-6140
laura.rovner@du.edu
nicole.godfrey@du.edu
miriam.kerler@du.edu

Respectfully submitted,

_/s/ David Patton_
David Patton*
Ian Robertson*
Krysta Kilinski*
**HECKER FINK LLP**
350 Fifth Ave, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
dpatton@heckerfink.com
irobertson@heckerfink.com
kkilinski@heckerfink.com

David C. Fathi, Wash. 24893**
Maria V. Morris, D.C. 1697904
Carmen Iguina González, D.C. 1644730
Jennifer Wedekind, D.C. 1012362
**ACLU FOUNDATION**
915 15th Street NW
Washington, DC 20005
Tel: (202) 393-4930
dfathi@aclu.org
mmorris@aclu.org
ciguinagonzalez@aclu.org
jwedekind@aclu.org

Sara Norman, Cal. 189536*
**LAW OFFICES OF SARA NORMAN**
P.O. Box 170462
San Francisco, CA 94117
Tel: (415) 236-3763
sara@saranormanlaw.com

Joseph Margulies, Ill. 6198353***
**CORNELL UNIVERSITY**
Professor of the Practice of Government
216 White Hall
Ithaca, NY 14850
Tel: (607) 255-6477
jm347@cornell.edu

C.J. Sandley, Ala. 5317-S48R*
Kayla Vinson, Ala. 3664-S48Q*
D. Korbin Felder, Miss. 106643*
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6443
csandley@ccrjustice.org
kvinson@ccrjustice.org
kfelder@ccrjustice.org

*Attorneys for Plaintiffs*

*\* Admitted pro hac vice.*
*\*\* Not admitted in D.C.; practice limited to federal courts. Admitted pro hac vice.*
*\*\*\* Admitted to D.D.C. as pro bono counsel.*

**CERTIFICATE OF SERVICE**

I, David Patton, certify that a copy of the foregoing was electronically filed with the

Clerk of the Court using the Court's CM/ECF system, which will cause a copy to be delivered to

all counsel of record.

Dated: February 5, 2026

By: _/s/ David Patton_

David Patton